## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER ABELLAN, # R-54854,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-251-MJR** |
| | ) | |
| **WEXFORD HEALTH SERVICES,** | ) | |
| **DR. AFUWAPE, MS. KLEIN,** | ) | |
| **and MARY JOHNSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Vandalia Correctional Center ("Vandalia"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have been deliberately indifferent to a serious medical condition. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that it fails to state a claim upon which relief may be granted, and is subject to dismissal.

## **The Complaint**

Plaintiff claims that Defendant Dr. Afuwape has given him inadequate medical care and "ignored all [his] significant medical concerns" (Doc. 1, p. 5).  Defendant Afuwape failed to implement a comprehensive treatment plan.  Plaintiff alleges that he is experiencing substantial pain because of Defendant Afuwape's "gross neglect."  *Id*.

Defendants Klein (Health Care Administrator) and Johnson (Supervisor of Nurses), according to Plaintiff, are deliberately indifferent in administering health care at

Vandalia.  He states that they "execute abusive tactics" and manipulate inadequate medical care. *Id*.

The complaint does not describe the nature of Plaintiff's medical condition, other than the fact that it is painful.  He does attach a grievance, which states that he needs rehabilitation of a wound that is causing him constant, severe pain (Doc. 1, pp. 7-8).

As relief, Plaintiff seeks to obtain adequate medical care and monetary damages (Doc.1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  A medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  A condition that causes "chronic and substantial pain" may satisfy the objective component of a deliberate indifference claim. *Id.*

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015).  However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm."  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.  *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

In Plaintiff's case, the allegations in his complaint are devoid of factual content regarding the nature of Plaintiff's medical condition, and the Defendants' responses to his efforts to seek medical care.  His statements are so general and conclusory that the Court is unable to evaluate whether Plaintiff's condition is objectively serious, or whether any Defendant's action or inaction amounted to unconstitutional deliberate indifference.  The complaint falls short of demonstrating either the objective or the subjective portion of a claim for deliberate indifference to serious medical needs.  Instead, Plaintiff offers only his own conclusions that the Defendants' actions/inaction violated his constitutional rights.  Such conclusory statements are inadequate to survive § 1915A review.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Accordingly, the complaint (Doc. 1) shall be dismissed for failure to state a claim upon which relief may be granted.

However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g).  The amended complaint shall be subject to review under § 1915A.

## Pending Motion

Plaintiff has filed a motion for recruitment of counsel (Doc. 3).  The dismissal of the complaint without prejudice raises the question of whether Plaintiff is capable of drafting a

viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff states in the motion that he has contacted numerous law firms seeking representation, but has received no responses (Doc. 3, p. 1). This statement suggests that Plaintiff has made reasonable efforts to obtain counsel.

As to the second inquiry, Plaintiff states that he attended some high school. He also indicates that his ability to speak, write, and/or read English is limited, apparently because English is not his primary language – but Plaintiff does not further explain his limitations (Doc.

3, p. 2).  Nonetheless, the complaint reflects that Plaintiff is articulate in his use of language, and appears to be capable of stating the relevant facts regarding his legal claims.  At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak.  All that is required is for Plaintiff to include more factual content regarding his medical condition and how it affected him, what he did to inform the Defendants about his condition and seek treatment, and how they responded.  Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper.   Therefore, the recruitment of counsel is not warranted at this time and the motion (Doc. 3) is **DENIED** without prejudice.  The Court will remain open to appointing counsel as the case progresses.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before June 30, 2016).  It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  He should label the pleading "First Amended Complaint" and include Case Number 16-cv-251-MJR.  For each claim, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable, as well as the actions alleged to have been taken by that Defendant.  New individual Defendants may be added if they were personally involved in the constitutional violations.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to send Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 26, 2016**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court